IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN CAESAR KNOX, JR.,

                Plaintiff,

v.

DEPUTY SHERIFFS CHESSMORE and MEJIA,

                Defendants.

OPINION and ORDER

21-cv-213-jdp

---

    Defendants have responded to the court's December 1, 2022 order directing them to serve the proper party with notice of pro se plaintiff Shawn Knox's death or show cause why they were unable to do so. Dkt. 22.

    Defendants report that they were unable to identify Knox's successor or representative for the purposes of Federal Rule of Civil Procedure 25(a)(1), and that their attempts to serve the notice of death on individuals identified as Knox's potential successors or representatives failed. Dkt. 23. Specifically, defendants explain that they found no record of estate proceedings relating to Knox and that they corresponded with Knox's former probation agent, performed internet and social media searches relating to Knox, and reviewed Knox's obituary and Dane County Jail inmate file. These efforts didn't uncover the identity of Knox's heir, beneficiary, or personal representative, who would be the proper person to serve under Rule 25. *See* Dkt. 22, at 2. Defendants' search did identify four individuals who defendants believe, based on Wisconsin's probate and intestacy laws, are Knox's potential successors or representatives: his former girlfriend or domestic partner, his minor child, his mother, and his father. Dkt. 23, at 3–7. However, defendants were unable to determine the current address for any of those

individuals and attempts to serve or mail the notice of death to the last known addresses of all four individuals failed. *Id.*; *see also* Dkt. 18.

Typically, the party putting the notice of death on the record must serve the decedent's representative or successor with the notice to trigger the 90-day period during which a motion for substitution may be filed. *See McSwain v. Suliene*, Nos. 09-cv-219-bbc & 09-cv-649-bbc, 2010 WL 148185, at *1 (W.D. Wis. Jan. 11, 2010) (citing *Atkins v. City of Chicago*, 547 F.3d 869, 873–74 (7th Cir. 2008)). But the service requirement is waived when the party filing the notice does not know who the representative or successor is. *Id.*; *see also George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001). Despite their diligent search, defendants have been unable to identify Knox's representative or successor, and their reasonable efforts to serve the notice of death on Knox's possible successors or representatives have failed. The court therefore concludes that Rule 25's service requirement does not apply, and the 90-day window began, at the latest, on June 21, 2022, when defendants put notice of Knox's death on the record. Dkt. 18. Under Rule 25, when the 90-day period expires, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Because more than 90 days have passed since June 21, 2022, and no motion for substitution has been filed, the court will dismiss this action with prejudice. *See id.*; *Atkins*, 547 F.3d at 873–74.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 11, 2023.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge